IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| U.S. CONSULTING GROUP, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 11-2778 (JBS/KMW) |
| v. | : | |
| ALDI, INC. & UNIDENTIFIED ENTITIES A THROUGH Z, | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Ross H. Schmierer, Esq.
PARIS ACKERMAN & SCHMIERER LLP
101 Eisenhower Parkway
Roseland, NJ 07068
      Counsel for Plaintiff

Walter John Fleischer, Jr., Esq.
Deirdre Russo Kole, Esq.
DRINKER, BIDDLE & REATH, LLP
500 Campus Drive
Florham Park, NJ 07932
      Counsel for Defendant Aldi, Inc.


**SIMANDLE**, Chief Judge:

**I.    INTRODUCTION**

     This matter is before the Court on Defendant Aldi, Inc.'s motion to dismiss the Complaint because of Plaintiff's failure to properly register with the State of New Jersey so as to be eligible to sue in New Jersey Courts.  [Docket Item 4.]  The principal issue is whether Plaintiff has subsequently paid all fees and penalties owing in order to be able to bring suit.

## II.   BACKGROUND

According to the Complaint, Plaintiff U.S. Consulting Group performed consulting work for Defendant Aldi, Inc., a grocery store chain.  Plaintiff alleges that Aldi breached an agreement to use Plaintiff's services on a national scale and misappropriated Plaintiff's intellectual property with respect to waste removal and recycling practices.  Plaintiff filed a complaint for breach of contract, misappropriation, unjust enrichment, fraud, and breach of implied duties against Aldi and unnamed defendants in New Jersey Superior Court, and Aldi removed this matter to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Notice of Removal ¶ 4.  Aldi is a corporation organized and existing under the laws of the state of Illinois, whose principal place of business is located in Illinois; the Complaint alleged that Plaintiff was a Nevada corporation, which, as will be seen, was incorrect.

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserting that New Jersey rescinded Plaintiff's authority to transact business here because Plaintiff failed to file annual reports two years in a row.  Fleischer Cert. ¶¶ 3-4; N.J. Stat. Ann. § 14A:13-14 to 14A:13-23. Defendant also noted that Plaintiff appears to be a limited liability company rather than a corporation, in which case Plaintiff was barred from suit by N.J. Stat. Ann. § 42:2B-57a for

similar reasons.  <u>See</u> N.J. Stat. Ann. § 14A:13-11(1) (prohibiting corporations from "maintain[ing] any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority."); N.J. Stat. Ann. § 42:2B-57 (barring foreign limited liability companies from maintaining actions in New Jersey until properly registered).

In response to the motion to dismiss, Plaintiff explained that the pleadings were in error and that Plaintiff is indeed a Nevada limited liability company, and that since the time of filing this action Plaintiff has brought itself into compliance with New Jersey's requirements and may bring suit under N.J. Stat. Ann. § 42:2B-57a.  <u>See</u> Epstein Aff. ¶¶ 5-8.

## III. DISCUSSION

### A.  Stipulation to Amendment to Pleading

It is axiomatic that the pleadings cannot be amended by representations made by counsel in motion briefing.  <u>See</u> <u>Com.of Pa. ex rel. Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988).  For the sake of efficiency, the parties have agreed at a hearing on March 26, 2012 to stipulate to an amendment to the pleadings correctly identifying Plaintiff as a Nevada limited

liability company with no Illinois members, and to apply Defendant's motion to that pleading.[1]

### B.  Compliance with § 42:2B-57

Defendant concedes that because Plaintiff is a limited liability company, not a corporation, the sole question is Plaintiff's compliance with N.J. Stat. Ann. § 42:2B-57.[2]

The statute provides that a foreign limited liability company may not maintain suit in New Jersey "until it has registered in this State, and has paid to this State all fees and penalties for the years or parts thereof, during which it did business in this State without having registered."  N.J. Stat. Ann. § 42:2B-57a.  However, New Jersey courts read the statute to

---

[1]  In the Third Circuit, "the citizenship of an LLC is determined by the citizenship of its members."  Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).  Since neither the Complaint nor removal petition contained information about the membership of Plaintiff, the Court inquired into whether any of the members of U.S. Consulting Group were citizens of Illinois, the location of Defendant's citizenship.  At oral argument on March 5, 2012, Plaintiff represented and Defendant agreed that U.S. Consulting Group does not have any members who are citizens of Illinois.  Therefore, there is complete diversity sufficient for jurisdiction under 28 U.S.C. § 1332.

[2]  Because there is no suggestion that Plaintiff is a corporation under the definition provided in N.J. Stat. Ann. § 14A:13-17, neither § 14A:13-20(b) nor § 14A:13-11(1) are applicable.  See N.J. Stat. Ann. § 14A:13-17 (defining "corporation" as "any corporation, joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by a certificate of interest or ownership or similar written instrument.").

permit a company to register and repair its past failures during the pendency of the suit to avoid dismissal. See <u>Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.,</u> 21 F. Supp. 2d 465, 473 (D.N.J. 1998).

Acknowledging this, Defendant contends that Plaintiff has not proved that it "paid to this State all fees and penalties for the years or parts thereof, during which it did business in this State without having registered." § 42:2B-57a.[3] Defendant contends that based on an attachment to Plaintiff's accountant's affidavit, all that has been paid is $250 for five years of annual reports, $25 for an agent change, and $275 for reinstatement. Pls.' Ex. A1.

But these payments are all the statute requires to be paid for reinstatement. N.J. Stat. Ann. § 42:2B-8.1(b)(3) provides that if a certificate has been revoked, "the certificate shall be reinstated by proclamation of the Secretary of State upon payment of all fees due to the Secretary of State, consisting of a reinstatement filing fee, current annual report fee, all delinquent annual report fees, and a late filing fee." § 42:2B-

---

[3]  Defendant contends that N.J. Stat. Ann. § 14:13-20(c) lists the requirements of post-filing compliance to include "the burden of establishing that: (1) the failure to file a timely report was done in ignorance of the requirement to file, such ignorance was reasonable in all circumstances; and (2) all taxes, interest and civil penalties due the State for all periods have been paid, or provided for by adequate security or bond approved by the director, before the suit may proceed." N.J. Stat. Ann. § 14:13-20(c).  However, Title 42 has no analogous requirement.

8.1(b)(3); see also N.J. Stat. Ann. § 42:2B-65(a)(7) (providing for a fee "[u]pon requesting a reinstatement of a certificate of a limited liability company" including "a late filing fee of $200.00 and a reinstatement filing fee of $75.00.").

Defendant does not identify any additional penalty that would apply and is unpaid.  To the extent that it is Plaintiff's burden to show that there are no such penalties, this burden is met by Plaintiff's accountant's sworn statement that "I spoke to the Department of Treasury to ascertain what, if any, fees and penalties USCG owed to the State of New Jersey," Matteo Aff. ¶ 5, and that "I paid all of the fees and penalties USCG owed to the State of New Jersey." Id. ¶ 6.  The Court therefore concludes that Plaintiff has taken all necessary action to repair its past failures, in accordance with N.J. Stat. Ann. § 42:2B-8.1(b)(3), so dismissal is not warranted.  See Danka Funding, 21 F. Supp. 2d at 473.


IV.  **CONCLUSION**

The parties have agreed to permit this Court to consider the pending motion as applied to the stipulated version of the pleadings declaring Plaintiff to be a Nevada limited liability company.  Because no member of the company is an Illinois citizen, this Court has subject matter jurisdiction.  And because Plaintiff has paid to New Jersey all fees and penalties for the

6

period of its registration delinquency, this suit may proceed.
The Court will deny the motion and order Plaintiff to file the
stipulated-to amended pleading within seven days.  The
accompanying Order will be entered.


**March 27, 2012**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

7